08-5035-cr
United States v. Vallombroso

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT: GUIDO CALABRESI,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges.*

-------------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee,*
v.                                                          No. 08-5035-cr

JENNIFER VALLOMBROSO,
*Defendant-Appellant.*
-------------------------------------------------------------------
APPEARING FOR APPELLANT:     Julia Pamela Heit, New York, New York.

APPEARING FOR APPELLEE:      Edward Chang, Assistant United States Attorney (William Nardini, Assistant United States Attorney, of counsel, on the brief), for Nora Dannehy, United States Attorney for the District of Connecticut.

Appeal from the United States District Court for the District of Connecticut (Janet Bond Arterton, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

A jury convicted Jennifer Vallombroso of conspiracy to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§846, 841(a)(1) and (b)(1)(B)(iii), and the district court sentenced her to 120 months imprisonment to be followed by five years of supervised release. Vallombroso appeals both her conviction and her sentence. We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented in this appeal.

## I. Conviction

Vallombroso argues that her conviction was defective because: (1) the Government failed to prove that she had the requisite intent to join the conspiracy; and (2) the district court erroneously allowed a lay witness to offer expert testimony. Both arguments fail.

### A. Sufficiency of Evidence

"To be guilty of conspiracy, there must be some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." United States v. Hawkins, 547 F.3d 66, 71 (2d Cir. 2008) (internal quotation marks omitted). Vallombroso argues that the government failed to prove that she intended to join or participate in the conspiracy.

We review a claim of insufficient evidence de novo. United States v. Yannotti, 541 F.3d 112, 120 (2d Cir. 2008). The jury's verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The trial evidence showed that Vallombroso participated in the conspiracy in a number of ways: by advising her husband during his conversation with the confidential informant, by speaking on the telephone with the confidential informant, by texting a potential supplier, and by leaving a voicemail for a potential supplier. The evidence also showed that during the relevant periods Vallombroso was aware of her surroundings. This evidence sufficed to permit a jury to find beyond a reasonable doubt that Vallombroso intentionally participated in the conspiracy.

Vallombroso argues that the evidence showed only that she was trying to obtain drugs to feed her addiction. A reasonable jury could easily find that the desire for drugs explains her *motive* for joining the conspiracy, and is not inconsistent with an *intention* to do so.

**B. Admission of Testimony**

To preserve a claim that the district court improperly admitted evidence at trial, a party must "stat[e] the specific ground of objection, if the specific ground was not apparent from the context." Fed. R. Evid. 103(a)(1). "If . . . the party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review." United States v. Yu-Leung, 51 F.3d 1116, 1122 (2d Cir. 1995).

Vallombroso argues that the district court erred by allowing the confidential informant to testify as an expert on the effects of methadone. But Vallombroso waived

this argument by agreeing to allow the informant to testify on this topic.

On the second day of trial, defense counsel told the court that it would offer a portion of Vallombroso's medical records that showed both that she was addicted to drugs and that she was taking methadone during the conspiracy. When the district court judge admitted those records, the following colloquy ensued:

> The Court: And the understanding here is that when those go in, then the government's entitled on rebuttal to recall Mr. Cobb for his vast expertise in drug effects and he will be asked about methadone, if he knows anything about that.
>
> Defense counsel: Certainly, your Honor.
>
> The Court: So does that satisfy you, Mr. Chang?
>
> Government: Yes, it would. Thank you, your Honor.
>
> The Court: We have our lay pharmacological expert.
>
> Government: It's all we can do at the last second, your Honor. We just got these records today.

Defense counsel did not object.

We conclude that because defense counsel affirmatively agreed to permit the informant to testify about methadone's effects, Vallombroso waived the argument she makes on appeal, and we need not reach it.

Even if Vallombroso did not waive this argument, she forfeited it because she failed to object to the testimony at trial on the ground she now raises on appeal.[1] See Yu-Leung, 51 F.3d at 1122 (where party's failure to object to evidence is "a matter of

---

[1] Defense counsel objected to portions of the informant's testimony on the bases of, inter alia, lack of personal knowledge and lack of foundation. But none of these objections suggested that the informant's testimony was improper expert testimony.

4

oversight, then such oversight qualifies as a correctable 'forfeiture').  In that case, we would review her argument for plain error.  See United States v. Dukagjini, 326 F.3d 45, 60-61 (2d Cir. 2003) (applying "plain error" test where defense counsel objected to the admission of testimony on appeal but did not clearly object at trial).  To demonstrate plain error, Vallombroso must show: "(1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Polouizzi, 564 F.3d 142, 154 (2d Cir. 2009) (internal quotation marks, citations, and brackets omitted).  Any error, if there was one, did not affect Vallombroso's substantial rights because the disputed testimony was at best tangential to the main issue of whether Vallombroso intended to join the conspiracy.  Thus the district court did not plainly err by admitting the informant's testimony.

**II. Sentence**

We review sentences under a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting Gall v. United States, 552 U.S. 38, 41 (2007).  In coming to a procedurally reasonable sentence, a district court must consider the factors listed in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines range, and "conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense," in order to reach "an informed and individualized judgment . . . as to what is 'sufficient, but not

5

greater than necessary' to fulfill the purposes of sentencing." Id., quoting 18 U.S.C. § 3553(a).

Vallombroso argues that her sentence was procedurally unreasonable for three reasons. First, she says the court incorrectly presumed that the Sentencing Guidelines should apply. But the court made no such presumption. It recognized that the Guidelines are "only the advisory starting point for the Court's analysis," and said that the court "is . . . not bound beyond the point of considering them."

Second, Vallombroso argues that the district court failed to consider the sentencing disparity between crack cocaine and powder cocaine. But the record shows the opposite. The judge calculated what Vallombroso's offense level and Guidelines range would have been for the equivalent amount of powder cocaine, and she asked the Government for guidance on how to exercise her discretion to consider the disparity. Ultimately, the judge said she was "deeply troubled" by the disparity and that she was "aware that I can take that into consideration," but she "nonetheless . . . reached the conclusion that a sentence of 120 months is the appropriate sentence."

Third, Vallombroso argues that the district court miscalculated the quantity of drugs because it incorrectly included drugs intended for her personal use. But the court only considered drugs that the confidential informant purchased and that the Government then kept in custody. Those drugs were not available for her personal use. Her sentence was therefore not procedurally unreasonable on any of the above grounds.

Nor was it substantively unreasonable. The district court explicitly stated that it had considered the § 3553(a) factors, and noted that the sentence should promote respect for the law, afford adequate deterrence, and protect the public before sentencing Vallombroso to the bottom of the unchallenged guidelines range of 120 to 150 months imprisonment. Given Vallombroso's extensive criminal history, this sentence was well within the limits of the district court's discretion. See id. ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (emphasis and internal quotations marks omitted)).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court